UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA A. DECHERT,

                                    Plaintiff,                Case # 18-CV-315-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

## INTRODUCTION

Plaintiff Melissa A. Dechert seeks review of the decision of the Social Security Administration ("the SSA") to deny her Disability Insurance Benefits ("DIB"). ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 16. For the reasons that follow, Dechert's motion is GRANTED, the Commissioner of Social Security's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On August 2, 2013, Dechert protectively filed a DIB application wherein she alleged disability since September 16, 2011 due to chronic lower back pain, blood clots in her legs, osteoarthritis in her knees, depression, and anxiety. Tr.[1] 65-66, 158-66. After the SSA denied her application, Dechert and a vocational expert testified at a hearing before Administrative Law Judge William M. Weir ("the ALJ"). Tr. 31-57. On September 15, 2016, the ALJ issued an unfavorable decision, and the Appeals Council denied Dechert's request for review of that decision. Tr. 1-6, 10-20. On March 7, 2018, Dechert appealed to this Court. ECF No. 1.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 9.

## LEGAL STANDARD

### I. District Court Review

When the Court reviews a final decision from the SSA, it "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ uses a five-step sequential evaluation to determine whether a claimant is disabled. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, then he or she is not disabled. If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing

and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding the limitations that stem from the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can return to his or her past relevant work, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Dechert's claim for benefits under the process described above. At step one, the ALJ found that Dechert had not engaged in substantial gainful activity from her alleged onset date through her date last insured. Tr. 12. At step two, the ALJ found that Dechert has five severe impairments: hypothyroidism, left knee osteoarthritis, degenerative disc disease of the lumbar spine status-post good fusion, depression, and obstructive sleep apnea. Tr. 12-13. At step three, the ALJ found that these impairments, alone or in combination, do not meet or medically equal any Listings impairment. Tr. 13-14.

Next, the ALJ determined that Dechert retains the RFC to perform sedentary work[2] with additional limitations. Tr. 14-18. Specifically, the ALJ found that Dechert needs to be able to sit or stand at will every half hour but will remain at her workstation and on task; can only perform occupations with a specific vocational profile ("SVP")[3] of two or less; and can have only occasional contact with coworkers, supervisors, and the public. Tr. 14.

At step four, the ALJ found that Dechert cannot perform her past relevant work. Tr. 18-19. At step five, the ALJ determined that Dechert can adjust to other work that exists in significant numbers in the national economy such as an addresser and document preparer. Tr. 19-20. Accordingly, the ALJ found Dechert not disabled. Tr. 20.

## II.     Analysis

Dechert argues that remand is required because the ALJ erred at step two when he evaluated the severity of her impairments.[4] ECF No. 14-1 at 18-20. The Court agrees.

At step two of the disability analysis, an ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment significantly limits the claimant's ability to do basic work activities. *Id.* §§ 404.1520(c), 404.1521. A nonsevere impairment is only a slight abnormality that would have no more than a minimal effect on the claimant's ability to work. *Perez v. Astrue*, 907 F. Supp. 2d 266, 271 (N.D.N.Y. 2012); *see also* SSR 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985). The ALJ must consider severe and

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[3] SVP refers to how long it takes a worker to learn how to do her job at an average performance level. An SVP of two corresponds to unskilled work. *See* S.S.R. 00-4p, 2000 WL 1898704, at *3 (S.S.A. Dec. 4, 2000).

[4] Dechert also argues that the RFC determination lacks substantial evidence, but the Court will not address that argument because it remands this case based on the ALJ's step two error.

4

nonsevere impairments when assessing the claimant's RFC, and remand is required if the ALJ fails to do so. *See* 20 C.F.R. § 404.1545(a)(2); *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (finding that "the ALJ committed legal error" where he found the claimant's depression to be a nonsevere impairment and then determined her RFC "without accounting for any of the limitations arising from her mental impairment").

"An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in [his] RFC determination." *Sech v. Comm'r of Social Sec.*, No. 7:13-CV-1356 GLS, 2015 WL 1447125, at *3 (N.D.N.Y. Mar. 30, 2015); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (May 2, 2013) (summary order) (step two error harmless where ALJ specifically considered other impairments in subsequent steps of the disability analysis).

### A. Deep Vein Thrombosis and Obesity

Dechert argues that the ALJ should have found her deep vein thrombosis ("DVT") and obesity to be severe, instead of nonsevere, impairments. Regardless of whether the ALJ properly classified these impairments as nonsevere, remand is required because he did not consider them when assessing Dechert's RFC. Tr. 23-25; *see, e.g.*, *Parker-Grose*, 462 F. App'x at 18 (holding that even if substantial evidence supported the ALJ's decision that the plaintiff's mental impairment was nonsevere, "it would still be necessary to remand this case for further consideration because the ALJ failed to account for [the plaintiff's] mental limitations when determining her RFC").

The ALJ does not discuss Dechert's DVT or obesity in his RFC analysis; in fact, he attributes his decision to limit Dechert to sedentary work with a sit/stand option to her

5

musculoskeletal impairments. Tr. 15-16. Accordingly, because the ALJ did not consider whether Dechert's nonsevere impairments imposed functional limitations when he made the RFC determination, remand is required. *See, e.g.*, *Schmidt v. Colvin*, No. 15-CV-2692 (MKB), 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC.").

### B. Bipolar Disorder, Post-Traumatic Stress Disorder, and Anxiety Disorder

Dechert also argues that the ALJ erred at step two when he ignored her bipolar disorder, post-traumatic stress disorder ("PTSD"), and anxiety disorder. The record reveals that Dechert was diagnosed with these conditions and several other distinct mental health impairments, including major depressive disorder, borderline personality disorder, panic disorder with agoraphobia, and adjustment disorder with disturbed mood. *See, e.g.*, Tr. 828, 954-55, 1189, 1209, 1214, 1228-30, 1239-43, 1382, 1410. Providers also prescribed Dechert several medications to treat depression, panic, anxiety, and PTSD. *See, e.g.*, Tr. 954, 1189, 1209, 1211-12, 1239, 1410.

From January to November 2013, providers at Williamsville Wellness Center consistently described Dechert as anxious and depressed. Tr. 812-22. In 2014 and 2015, Dechert treated with Mid-Erie Counseling for bipolar disorder, PTSD, and anxiety disorder. Tr. 1188-1238. The record also reveals that Dechert occasionally experiences suicidal ideation and that, in June 2014, she was hospitalized for two days for this reason. Tr. 954-56 1234-37. Dechert received mental health counseling, although it appears that many of those treatment notes are not in the record. Tr. 1189, 1212, 1407-08. On May 14, 2015, a nurse practitioner from Mid-Erie Counseling completed a Mental Impairment Questionnaire wherein she noted Dechert's bipolar diagnosis and endorsed symptoms consistent with anxiety and PTSD such as generalized persistent anxiety, recurrent and

6

intrusive recollections of a traumatic experience, and persistent disturbances of mood or affect. Tr. 1248-51.

Despite this evidence of Dechert's impaired mental health and various diagnoses, the ALJ only considered Dechert's depression, which he found to be a severe impairment at step two and considered when evaluating the Listings at step three. Tr. 12-14. Accordingly, it is clear that the ALJ did not consider "the combined impact of plaintiff's medically-determinable impairments throughout the disability determination process." *Notaro v. Berryhill*, No. 16-CV-00603, 2017 WL 4324690, at *2 (W.D.N.Y. Sept. 29, 2017) (alterations omitted) (citing 20 C.F.R. § 404.1523); *see also Bigwarfe v. Comm'r of Soc. Sec.*, 2008 WL 4518737, at *6 (N.D.N.Y. Sept. 30, 2008) ("Where a claimant alleges multiple impairments, the combined effects of all impairments must be considered, regardless of whether any impairment, if considered separately, would be of sufficient severity.") (citations omitted)).

The ALJ's failure to consider Dechert's bipolar disorder, PTSD, and anxiety disorder at steps two and three constitutes reversible error, because full consideration of these impairments could have affected the outcome of her case. *See, e.g.*, *Notaro*, 2017 WL 4324690, at *3 ("The ALJ's failure to consider plaintiff's various other mental health diagnoses at steps two and three constituted reversible error, because a full consideration of plaintiff's anxiety, PTSD, and personality disorder could have affected the outcome of his application."); *Childs v. Colvin*, No. 1:14-CV-00462 (MAT), 2016 WL 1127801, at *4 (W.D.N.Y. Mar. 23, 2016) (ALJ's failure to consider schizoaffective disorder at steps two and three constituted reversible error). The ALJ did not consider, for example, Listings 12.06 (Anxiety and Obsessive-Compulsive Disorders) or 12.15 (Trauma- and Stressor-Related Disorders). The ALJ also did not consider these impairments in

his RFC analysis; in fact, he cites Dechert's depression to support his decision to limit her to jobs with an SVP of two or less and only occasional contact with others. Tr. 16.

Accordingly, for all the reasons stated, remand is required.

## CONCLUSION

Dechert's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 15, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court